Zach Berne, ABA No. 1311098
TRUEB & BEARD, LLC
330 L Street, Suite 101
Anchorage, Alaska 99501
Phone: 907.277.0161
Facsimile: 907.277.0164
E-mail: zberne@tbmaritimegroup.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ROBERT MAXWELL,<br><br>    Plaintiff,<br><br> v.<br><br>ROBERT WIESE, *in personam*; and the F/V REBEL, AK hull no. AK4584AM, her engine, tackle, gear, apparel, furniture, and equipment, *in rem*,<br><br>    Defendants. | Case No. _____<br><br>COMPLAINT *IN REM* AND *IN PERSONAM* FOR MARITIME PERSONAL INJURIES |

**COMPLAINT FOR MARITIME PERSONAL INJURY**

Plaintiff Robert Maxwell, through counsel Trueb & Beard, LLC, herein files his Complaint against Defendant Robert Wiese, *in personam*, and Defendant F/V REBEL, AK hull no. AK4584AM, her engine, tackle, gear, apparel, furniture and equipment, *in rem* ("REBEL").

**JURISDICTION & VENUE**

1. This is an action within the admiralty and maritime jurisdiction of this Court, as herein more fully appears, within the meaning of Fed. R. Civ. P. 9(h). For the reasons noted below, both jurisdiction and venue are appropriate before this Court.

2. Plaintiff's claims arise from an allision that occurred on or about May 25, 2022 when Defendant's vessel, the REBEL, struck Plaintiff's vessel, the BOSWELL BAY while both vessels were engaged in commercial fishing. The underlying events and transactions giving rise to Plaintiff's causes of action arose upon a vessel in navigable waters in Prince William Sound. Defendant's conduct alleged in this Complaint had a potentially disruptive impact on maritime commerce and had a substantial relationship to traditional maritime activity.

3. Venue is proper in this Court because of the location of the vessel allision giving rise to this action, the parties and witnesses, evidence related to the allision, and the property damaged during the vessel allision.

4. Plaintiff's causes of action are for negligence under general maritime law.

5. Pursuant to his Fed. R. Civ. P. 9(h) designation, plaintiff waives his right to a trial by jury on all claims, and elects to try his actions on the admiralty side of this Honorable Court.

**PARTIES**

6. At all relevant times, Plaintiff was a resident of Cordova, Alaska.

7. At all relevant times and on information and belief, Defendant was a resident of Cordova, Alaska.

8. The *in rem* defendant REBEL, AK hull no. AK4584AM, is a vessel and is now or will be within this district and the jurisdiction of this Court during the pendency of process hereafter.

**FACTUAL ALLEGATIONS**

9. Plaintiff realleges and incorporates Paragraphs 1 through 8 as if fully restated.

10. On or about May 25, 2022, Plaintiff travelled from Cordova to the Softuk Lagoon in his commercial fishing vessel, the BOSWELL BAY. Upon arriving at the lagoon, Plaintiff set anchor and went about preparing his vessel for a salmon opener the next day.

11. Later the same day, Defendant arrived at the lagoon traveling in his vessel, the REBEL, at an unreasonable and unsafe speed and without a lookout. While still travelling at a high rate of speed, Defendant allided with the BOSWELL BAY while the vessel remained at anchor. After the first allision, Defendant turned the REBEL around and approached the BOSWELL BAY to speak with Plaintiff. Defendant then allided with the BOSWELL BAY a second time. As a result of the allisions, Plaintiff sustained severe and permanent injuries to his head, neck, arms, wrists, hands, and other body parts and sustained psychological trauma, mental anguish, and emotional distress.

## COUNT I: CLAIM FOR GENERAL MARITIME LAW NEGLIGENCE

12. Plaintiff realleges and incorporates Paragraphs 1 through 11 as if fully restated.

13. Defendant owed Plaintiff duties under general maritime law including, without limit, to act reasonably under the circumstances, avoid the allisions, operate his vessel at a reasonable and safe speed, and to use a lookout.

14. Defendant breached said duties owed to Plaintiff by, without limit, failing to act reasonably under the circumstances, failing to take any action to avoid the allisions, operating his vessel at an unreasonable and unsafe speed, and failing to use a lookout.

15. As a direct legal and proximate result of Defendant's negligence under general maritime law, Plaintiff suffered damages including, but not limited to, the following:

(a) Plaintiff was prevented from and will in the future be prevented from pursuing his regular occupation, thereby suffering past lost income and diminished future earning capacity; (b)

TRUEB & BEARD LLC
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

Plaintiff was prevented from and will in the future be prevented from enjoying the pursuits of life; (c) Plaintiff has suffered physical disfigurement and disability, which conditions will further deteriorate; (d) Plaintiff has suffered and will in the future suffer mental trauma and anguish as a result of his injuries; (e) Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses, including but not limited to physician fees and medication, medical device, and life care costs; and (f) Plaintiff may have suffered other damages to be proven more definitely at trial. Plaintiff's damages are in excess of Five Hundred Thousand Dollars ($500,000.00), to be proven more definitely at trial.

16. The claims of negligence give rise to a preferred maritime lien against the *in rem* defendant REBEL.

## COUNT II: NEGLIGENCE PER SE

17. Plaintiff realleges and incorporates Paragraphs 1 through 16 as if fully restated.

18. Defendant owed Plaintiff a duty to comply with the International Regulations for Preventing Collisions at Sea (COLREGs), as incorporated into U.S. law.

19. Defendant breached said duty by, without limit, violating several '72 COLREGs including (a) Rule 5, Lookout; (b) Rule 6, Safe Speed; (c) Rule 7, Risk of Collision; (d) Rule 8, Action to Avoid Collision; and (e) Rule 18, Responsibilities between Vessels.

20. As a direct legal and proximate result of Defendant's negligence per se for violation of COLREGs, Plaintiff suffered damages including, but not limited to, the following: (a) Plaintiff was prevented from and will in the future be prevented from pursuing his regular occupation, thereby suffering past lost income and diminished future earning capacity; (b) Plaintiff was prevented from and will in the future be prevented from enjoying the pursuits of life; (c) Plaintiff has suffered physical disfigurement and disability, which conditions will

further deteriorate; (d) Plaintiff has suffered and will in the future suffer mental trauma and anguish as a result of his injuries; (e) Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses, including but not limited to physician fees and medication, medical device, and life care costs; and (f) Plaintiff may have suffered other damages to be proven more definitely at trial. Plaintiff's damages are in excess of Five Hundred Thousand Dollars ($500,000.00), to be proven more definitely at trial.

21. The claims of negligence per se give rise to a preferred maritime lien against the *in rem* defendant REBEL.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Court to hear his just cause of action, and that this Court require defendant to answer his just cause of action, and that he be awarded judgment against defendant as follows:

1. That Plaintiff be awarded compensatory damages, both special and general, and any other damages allowable under the general maritime law against defendant Robert Wiese, in a sum in excess of Five Hundred Thousand Dollars ($500,000.00), in an amount to be more fully determined at trial;

2. That plaintiff be adjudged a holder of a personal, preferred maritime lien against the vessel; and that the defendant REBEL be held to answer to an *in rem* judgement, with all available *in rem* procedures; and

3. That Plaintiff be awarded attorney's fees, prejudgment interest, post-judgment interest, costs, and any other relief in law or equity to which plaintiff is shown to be entitled.

TRUEB & BEARD LLC
Attorneys for Plaintiff

DATED: November 17, 2022         By: s/ Zach Berne
                                  Zach Berne, ABA No. 1311098

Complaint
*Maxwell v. Wiese*                                     Page 5 of 6

## VERIFICATION

Robert Maxwell, deposes and says: He is the Plaintiff and makes this verification on his own behalf; that he has read the above and foregoing Complaint *in rem* and *in personam*, knows the contents thereof, and the same is true to the best of his knowledge and belief, based upon the information furnished to him.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

_____
Robert E Maxwell (Nov 16, 2022 17:16 PST)
Robert Maxwell, Plaintiff

TRUEB & BEARD LLC
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

# Draft Fed Complaint 11.16.22

Final Audit Report                                                                 2022-11-17

| | |
|---|---|
| Created: | 2022-11-17 |
| By: | Kenyi Parker (kparker@tbmaritimegroup.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAIIPUWrTp7Xr-Wd5jHom9xFn44s5BlqUA |

## "Draft Fed Complaint 11.16.22" History

- Document created by Kenyi Parker (kparker@tbmaritimegroup.com)
  2022-11-17 - 1:02:52 AM GMT- IP address: 72.35.126.212

- Document emailed to fvboswellbay@gmail.com for signature
  2022-11-17 - 1:03:51 AM GMT

- Email viewed by fvboswellbay@gmail.com
  2022-11-17 - 1:04:32 AM GMT- IP address: 104.28.116.97

- Signer fvboswellbay@gmail.com entered name at signing as Robert E Maxwell
  2022-11-17 - 1:16:15 AM GMT- IP address: 107.77.205.33

- Document e-signed by Robert E Maxwell (fvboswellbay@gmail.com)
  Signature Date: 2022-11-17 - 1:16:17 AM GMT - Time Source: server- IP address: 107.77.205.33

- Agreement completed.
  2022-11-17 - 1:16:17 AM GMT

**Adobe Acrobat Sign**